**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD A. EVANS,

          Plaintiff-Appellant,

  v.

SOLANO COUNTY SHERIFF,

          Defendant-Appellee.

No. 20-15221

D.C. No. 2:17-cv-00020-KJM-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

On February 18, 2020, this court referred this matter to the district court to determine whether Evans's in forma pauperis status should continue for this appeal, and because there was no response from the district court within 21 days, Evans's in forma pauperis status continued on appeal. On January 21, 2021, the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court revoked Evans's in forma pauperis status. We reinstate Evans's in forma pauperis status for this appeal.

California state prisoner Richard A. Evans appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging conditions-of-confinement and other constitutional claims that arose while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal for failure to comply with court orders. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We affirm.

The district court did not abuse its discretion in dismissing Evans's action because Evans failed to comply with the district court's orders to file an amended complaint that named individual defendants and alleged a related set of claims. *See id.* at 1260-63 (setting forth factors for determining whether a pro se action should be dismissed for failure to comply with district court orders and requiring "a definite and firm conviction" that the district court "committed a clear error of judgment" in order to overturn such a dismissal (citation and internal quotation marks omitted)); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of personal participation in the alleged rights deprivation).

We do not consider arguments and allegations raised for the first time on appeal, or documents and facts not presented to the district court. *See Padgett v.*

*Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Evans's motion for stay (Docket Entry No. 10) is denied.

**AFFIRMED.**